## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 07-152 |
| DONDRELL HAYNES | SECTION "L" |

## ORDER & REASONS

Currently pending before the Court is Petitioner Dondrell Haynes' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Rec. Doc. No. 126). For the following reasons, the Motion is DENIED.

## I. BACKGROUND

On May 3, 2007, a grand jury returned a multiple count indictment charging Petitioner Dondrell Haynes and three other co-defendants with violations of various federal narcotics laws.[1] The indictment charged the Petitioner with two counts: (1) conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 846; and (2) distribution of 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1). On May 16, 2007, the Court appointed the Federal Public Defender's office to represent the Petitioner.[2]

On May 18, 2007, the Petitioner pled not guilty to both counts in the indictment.[3] On June 14, 2007, a superceding indictment was returned charging the Petitioner with the same two

---

[1] Rec. Doc. No. 6.

[2] Rec. Doc. No. 17.

[3] Rec. Doc. No. 18.

counts.[4] On June 22, 2007, the Petitioner pled not guilty to the charges in the superseding indictment.[5] On December 14, 2007, a second superseding indictment was returned, again charging the Petitioner with the same two counts.[6] On December 20, 2007, the Petitioner pled not guilty to the charges in the second superseding indictment.[7]

On January 30, 2008, the Court held a rearraignment proceeding, during which the Petitioner withdrew his previous plea of not guilty and entered a plea of guilty as to both counts in the second superseding indictment.[8] In accordance with his guilty plea, the Petitioner executed a factual basis supporting the charges.[9] The Petitioner also entered into a plea agreement with the Government, by which the Petitioner expressly agreed to waive his right to appeal his conviction or sentence on any grounds except in the event that the sentence exceeded the statutory maximum.[10] Pursuant to the terms of his plea agreement, the Petitioner also agreed to waive his right to challenge his conviction in any collateral proceeding, such as a habeas motion.[11] Specifically, the Petitioner's plea agreement contains the following language:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his conviction or his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his conviction

---

[4] Rec. Doc. No. 27.

[5] Rec. Doc. No. 34.

[6] Rec. Doc. No. 52.

[7] Rec. Doc. No. 57.

[8] Rec. Doc. No. 64.

[9] Rec. Doc. No. 68.

[10] Rec. Doc. No. 69.

[11] *Id.*

or his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appal any punishment imposed in excess of the statutory maximum.[12]

The Petitioner and his counsel both signed the plea agreement and counsel indicated that she had reviewed the terms of the agreement with the Petitioner and that the Petitioner had advised that he fully understood the terms of the agreement. Further, during the rearraignment proceeding, the Court expressly asked the Petitioner not only whether he understood the terms of the plea agreement itself, but also whether he understood that he was waiving his right to appeal or challenge his conviction in any collateral proceeding. In response to both questions, the Petitioner indicated that he understood the terms of the agreement and appreciated the effect of his waiver.

On May 7, 2008, the Probation Department issued a Pre-Sentence Investigation Report ("PSI") on the Petitioner. The PSI indicated that the Petitioner qualified as a career offender under U.S.S. G. § 4B1.1, based upon his convictions in two previous controlled substance offenses. As a result, even after a deduction for Petitioner's acceptance of responsibility, the PSI indicated a total offense level of 34, with a criminal history category of VI. Under the sentencing guidelines, the calculation corresponded to a term of imprisonment of 262 to 327 months.

In response to the PSI calculations, defense counsel filed a motion for a downward departure.[13] Pursuant to U.S.S.G. § 3B1.2(a), counsel argued for a downward departure in light of the Petitioner's limited role in the criminal activity and the dramatic effect of the career

---

[12]Rec. Doc. 69, p. 2.

[13]Rec. Doc. No. 76.

offender enhancement on his potential sentence.[14] The Government opposed the request.[15]

Sentencing was held on May 14, 2008.[16] During the sentencing, defense counsel argued strenuously in favor of a downward departure. In particular, defense counsel directed the Court's attention to the Petitioner's personal characteristics, his gainful employment, his drug dependence, his strong family ties, and his lack of any history of violent behavior. Counsel argued that sentencing the Petitioner under the career offender enhancement would unduly exaggerate the Petitioner's criminal history. Further, counsel argued that the Petitioner had played only a limited role in the criminal scheme. The Court granted the motion for a downward departure and sentenced the Petitioner to concurrent terms of 170 months imprisonment as to Counts 1 and 2, with concurrent terms of five years supervised release.[17] The concurrent sentences of 170 months imprisonment as to Counts 1 and 2 represent a downward departure of 92 months from the minimum sentences suggested by the sentencing guidelines.

## II.    PRESENT MOTION

The Petitioner has filed a motion to vacate his conviction or sentence under 28 U.S.C. § 2255 on the grounds that he was denied effective assistance of counsel and that the Court incorrectly computed his criminal history.[18] First, the Petitioner alleges ineffective assistance of counsel on the basis that his counsel failed to do the following: (1) investigate the case regarding the appropriate criminal history category; (2) object to the presentence report regarding the

---

[14]*Id.*

[15]Rec. Doc. No. 80.

[16]Rec. Doc. No. 94.

[17]*Id.*

[18]Rec. Doc. No. 126.

criminal history; (3) perfect the record for appeal; (4) preserve the issue for appeal; (5) argue that Petitioner did not qualify for an enhancement as a career offender; and (5) argue for the application of U.S.S.G. § 4A1.2(a)(2).[19]

Second, the Petitioner contends that the Court incorrectly computed his criminal history category.[20] Specifically, the Petitioner argues that the Court erred by considering his two prior controlled substances convictions as separate convictions, because, as Petitioner contends, the convictions should be considered as only a single conviction, as the sentences for both offenses were issued on the same date. The petitioner contends that, by considering each of the offenses as separate offenses, the Court subjected him to an improper § 4B1.1 enhancement, resulting in a sentencing range of 210-262 months when in fact he should have received a sentencing range of 100-125 months.

On January 20, 2009, the Government filed an opposition to the Petitioner's motion.[21] First, the Government argues that the Petitioner's motion should be dismissed outright because the Petitioner, pursuant to his plea agreement, waived both the right to appeal his sentence and the right to contest his conviction in any collateral proceeding, such as the habeas motion currently at issue. Further, the Government contends that the Petitioner's claims does not fall within the exception to such a waiver, because the Petitioner fails to allege that ineffective assistance of counsel directly affected the validity of his waiver or plea. The Government notes that the Petitioner knowingly and voluntarily agreed to the waiver, both by signing the plea agreement and by representing to the Court during the rearraignment proceeding that he

---

[19]*Id.*

[20]*Id.*

[21]Rec. Doc. No. 149.

understood the terms of the plea agreement and appreciated the effect of the waiver.

Second, the Government contends that the Court correctly determined that the Petitioner qualifies as a career offender under the Sentencing Guidelines. According to the Government, the Court correctly interpreted the Petitioner's two prior convictions as separate convictions under § 4A1.2(a)(2), particularly in light of the fact that the offenses were separated by an intervening arrest. The Court notes, however, that it is the Government's position that this analysis is unnecessary, as the Petitioner waived his right to appeal or challenge his sentence or conviction in a post-conviction proceeding, such as by the habeas motion currently at issue.

Third, the Government argues that the Petitioner has failed to demonstrate that he received ineffective assistance of counsel simply because his counsel was unable to take any steps to remedy the Petitioner's status as a career offender. Additionally, the Government notes that defense counsel successfully argued for a significant downward departure of more than one-third from the low-end of the applicable sentencing guideline range. Again, however, the Government contends that the analysis is unnecessary given the Petitioner's valid waiver of his right to challenge his sentence or conviction.

On February 5, 2009, the Petitioner filed an objection to the Government's response.[22] In his objection, the Petitioner first contends that his waiver pursuant to the plea agreement is invalid, as it was neither knowing nor voluntary. Second, the Petitioner argues, for the first time, that he is entitled to bring the instant habeas motion because ineffective assistance of counsel directly affected the validity of his waiver. Third, the Petitioner repeats his previous allegations of ineffective assistance of counsel and improper calculation of his criminal history category.

---

[22] Rec. Doc. 150.

## III. LAW & ANALYSIS

### A. Evidentiary Hearing

As an initial matter, the Court notes that an evidentiary hearing is not required on a motion to set aside a sentence if it appears conclusively from the record that the Petitioner is not entitled to relief. *See Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995); *United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991). Having reviewed the procedural history of the case, the parties' briefing, and the relevant law, the Court finds that the Petitioner's motion can be addressed without an evidentiary hearing.

### B. The Validity of the Petitioner's Guilty Plea and Waiver

#### 1. The Guilty Plea

A plea is "knowing and intelligent" when the defendant has "a full understanding of what the plea connotes and of its consequences." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (citing *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). The defendant need not be advised of his guideline calculations prior to entering a plea. "Due process does not mandate ... either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." *Pearson*, 910 F.2d at 223. Further, for a guilty plea to be "voluntary," the plea must not be "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (quoting *Shelton v.*

*United States*, 246 F.2d 571, 572 n. 2 (5th Cir. 1957)(en banc), *rev'd on other grounds*, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)).

When a defendant seeks to attack the validity of a plea, the representations of the defendant and his lawyer, the prosecutor, and the judge at a plea hearing "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.*

The Petitioner contends that his conviction should be vacated or set aside because his guilty plea was neither knowing nor voluntary. There is, however, no evidence whatsoever that the Petitioner's plea was involuntary or that the Petitioner did not fully understand the meaning or effect of his plea. The main thrust of the Petitioner's argument seems to be that his conviction should be vacated because he expected that he would receive a lesser sentence. However, "[a] guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence.... [I]f the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor, or defense counsel, the guilty plea stands." *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002). Further, "a guilty plea is not rendered involuntary because the defendant's misunderstanding [that he would receive a lesser sentence] was based on defense counsel's inaccurate *prediction* that a lesser sentence could be imposed." *Id.* Having reviewed the record and the parties' briefing, the Court finds that the Petitioner's plea was knowing and voluntary.

        **2.**      **The Waiver**

A defendant may, as a part of a valid plea agreement, waive his statutory right to appeal or to post-conviction relief pursuant to 28 U.S.C. § 2255, so long as the waiver is knowing and

voluntary. *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Under an exception to the above rule, a petitioner's claim of ineffective assistance of counsel may survive the waiver if "the claimed assistance directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. Therefore, if "the plea or waiver itself was knowing and voluntary, and ... the issue challenged ... may properly be the subject of waiver ... then the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id*.

During the rearraignment proceeding, the Court expressly advised the Petitioner of the effect of his waiver and asked him directly whether he understood that he was waiving his right to challenge or appeal his conviction or sentence in any post-conviction proceeding, such as a habeas motion. The Petitioner represented to the Court that he had read and signed the plea agreement, that he understood the terms of the agreement, and that he appreciated the effects of his waiver. Accordingly, the Court finds that the Petitioner's waiver was knowing and voluntary.

In the Petitioner's objection to the Government's response, the Petitioner contends for the first time, in conclusory fashion and without any support, that ineffective assistance of counsel directly affected the validity of his waiver.[23] As stated above, however, there is no evidence whatsoever that defense counsel was ineffective, much less that the validity of the Petitioner's waiver was somehow affected by counsel's performance. The Petitioner signed the plea agreement and represented to the Court that he understood the terms of the agreement and the implications of the waiver. To the extent that the Petitioner claims that ineffective assistance of

---

[23]It is not clear whether the Petitioner can raise this issue, as he did not address it in his original motion but only asserted the claim in his objections to the Government's response. The Court will, however, consider the issue for purposes of this opinion.

counsel directly affected the validity of his waiver, the Court disagrees. Accordingly, the Court finds that, notwithstanding the Petitioner's claim of ineffective assistance of counsel, the Petitioner's waiver was knowing and voluntary, thus precluding him from challenging the validity of his conviction or sentence in any post-conviction proceeding.

  **C. The Court's Finding of Career Offender Status Pursuant to the Sentencing Guidelines[24]**

Under the 2007 U.S. Sentencing Guidelines, § 4B1.1(a), "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." In determining whether a defendant's prior sentences are counted separately or as a single offense, courts look to § 4A1.2(a), which provides that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." However, § 4A1.2(a) treats prior sentences as a single sentence "[i]f there is no intervening arrest... [and] the sentences resulted from offenses contained in the same charging instrument; or the sentences were imposed on the same day."

In the instant case, the Petitioner's previous convictions arose from two separate Bills of Information filed in Orleans Parish, State of Louisiana (Case Numbers 397-701 and 410-399). Further, the two separate Bills of Information arose from two separate arrests–the Petitioner was

---

[24] In light of the Court's ruling that the Petitioner's waiver was knowing and voluntary, the Court need not consider the Petitioner's claim that his status or criminal history category were incorrectly calculated. Nevertheless, the Court will briefly address the argument.

first arrested on April 1, 1998, and was later arrested again on September 30, 1999. The Petitioner received separate sentences for each of the offenses and the sentences did not reference one another. Although it is true that the sentences were imposed on the same day, the plain language of the sentencing guidelines makes it clear that a defendant is not relieved from the application of the career offender enhancement merely because he happened to receive two separate sentences for two separate offenses on the same day. Such a result would seriously undermine the purposes behind the sentencing enhancement.

        **D.**        **Ineffective Assistance of Counsel**[25]

To succeed on a claim of ineffective assistance of counsel, the Petitioner must show: (1) that his counsel's performance was deficient; and (2) that his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 688, 687, 104 S.Ct. 2051, 2064, 80 L.Ed.2d 674 (1984). A finding of ineffective assistance "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result was reliable." *Id.* at 687.

For purposes of establishing prejudice as it applies to a guilty plea, the petitioner "must show that there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). To establish prejudice relating to errors affecting sentencing, "[t]he prejudice prong is satisfied ... when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing–such as an automatic increase for a 'career'

---

[25]In light of the Court's ruling that the Petitioner's waiver was knowing and voluntary, the Court need not consider the Petitioner's claim of ineffective assistance of counsel as it relates to counsel's alleged failure to argue against the sentencing enhancement, object to the PSI, or preserve or perfect the record for appeal. Nevertheless, the Court will briefly address the Petitioner's argument.

offender or an enhancement for use of a handgun during a felony–which would not have occurred but for counsel's error." *United States v. Franks*, 230 F.3d 811, 815 (5th Cir. 2000).

The Court has already found that the Petitioner is, as a matter of law, a career offender. There is simply nothing that defense counsel could have done to relieve the Petitioner from the application of the sentencing enhancement. Given the clear and overwhelming evidence of the Petitioner's two prior convictions, any objections that defense counsel made to the PSI or to the application of the enhancement on those grounds would have been futile. The Court notes, however, that, rather than filing a meritless objection to the sentencing enhancement as the Petitioner apparently believes counsel should have done, counsel successfully argued for a significant downward departure from the low-end of the applicable sentencing guidelines. Far from providing ineffective assistance, defense counsel acted as a dedicated, compassionate, and effective advocate on the Petitioner's behalf.

As already stated, the Court need not consider the Petitioner's ineffective assistance claim on these grounds because the Petitioner knowingly and voluntarily waived his right to bring such a claim pursuant to the terms of his guilty plea. Were the Court to consider the Petitioner's claim, however, the Court would deny the claim for the reasons stated above.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Rec. Doc. 126) is DENIED.

New Orleans, Louisiana, this 6th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE